UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHANGMING LIN,

        Petitioner,

  v.                                    Case No. 16-CV-368

SHERIFF DALE J. SCHMIDT,

        Respondent.

---

## ORDER DENYING PETITION

---

On March 24, 2016, Petitioner Changming Lin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention at the Dodge County Detention Center located in Juneau, Wisconsin. Lin is detained at the direction of U.S. Immigration and Customs Enforcement (ICE) pending the completion of proceedings to remove him from the United States. Lin claims his continued detention without bond violates his due process rights under the Fifth Amendment of the Constitution.

The petition states Lin was born in China but became a legal permanent resident of the United States in 1995 when Lin was 10 years of age. In 2003, 2009 and 2010, respectively, Lin was convicted of assault causing bodily injury, distribution of marijuana, and conspiracy to distribute methamphetamine. Upon completion of his federal sentence for conspiracy to distribute methamphetamine on July 24, 2015, Lin was transferred directly into the custody of ICE pending removal proceedings. He was charged with removability under 8 U.S.C. §§ 1227(a)(2)(A)(iii) (for having committed an "aggravated felony") and 1227(a)(2)(B) (for having been convicted of a

controlled substance offense) on August 7, 2015.

Lin did not dispute either charge and conceded his removability, but he did apply for withholding of removal under the Convention Against Torture based on a claimed fear of torture by the Chinese government because of his criminal convictions and a tattoo on his body which he says would incorrectly suggest he was a member of a criminal gang. Pet. ¶ 14, ECF No. 1. An immigration court continued proceedings once to allow Lin time to prepare and file an application for such relief, and also re-scheduled an evidentiary hearing on Lin's claim for withholding to allow him time to retain an expert witness. Efforts to retain an expert witness were ultimately unsuccessful and his application was ultimately denied after a December 1, 2015 hearing. The immigration court indicated it would deny the petition and allowed Lin time to decide whether to appeal, in which case the court would issue a written decision. Lin decided to appeal (around December 19, 2015) and a decision was thus prepared and mailed to him February 2, 2016. Petitioner's appeal to the Board of Immigration Appeals is pending at this time. Briefs are due April 13, 2016. Pet. ¶¶ 15–16.

Petitioner has made no request to immigration authorities that he be released on bond because such authorities interpret applicable law—namely, Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)—as providing Petitioner no such right. *See Matter of Joseph*, 22 I&N Dec. 799, 802 (BIA 1999) (immigration judge may hold hearing on whether detainee is properly subject to § 1226(c) but noting detention of those subject to statute is mandatory). Unfortunately for Petitioner, however, the relevant federal courts interpret applicable law the same way. *See Demore v. Kim*, 538 U.S. 510 (2003) (upholding no-bail, mandatory detention provision of § 1226(c) against constitutional challenge); *Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999) (same); *see also Lian Awi v. Rodney Kreitzman*, No. 15-CV-1529 (E.D. Wis. Feb. 23, 2016) (same).

2

In Section 236(c) of the INA, Congress has mandated that the Attorney General "*shall* take into custody any alien who" is removable by reason (among others) of having committed an aggravated felony or controlled substance offense. § 1226(c)(1)(B). This is in contrast to aliens pending removal proceedings but who have not been convicted of the specified crimes, for which Congress has granted the Attorney General discretion to release the alien on bond or conditional parole. § 1226(a). The only exception to mandatory detention for those subject to § 1226(c) deals with the witness protection program, which is not applicable here. § 1226(c)(2).

As noted, Petitioner has conceded he is subject to the terms of § 1226(c). But he nonetheless argues his continued detention is unconstitutional. He notes that a number of courts, relying on *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), in which the Supreme Court read an implicit time limit into another detention provision of the INA, § 1231(a)(6), have read such an implicit time limit into the mandatory-detention provision of § 1226(c). *E.g. Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015); *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). Petitioner acknowledges that the Seventh Circuit has not adopted this reading of § 1226(c) but suggests the Seventh Circuit has "hinted" it would. Pet. ¶ 25 (citing *Hussain v. Mukasey*, 510 F.3d 739, 743 (7th Cir. 2007) ("Inordinate delay before the order was entered might well justify relief, *Ly v. Hansen*, 351 F.3d 263, 271-73 (6th Cir.2003), with habeas corpus the appropriate vehicle for obtaining it, as we know from *Zadvydas* and *Kim*. It would be a considerable paradox to confer a constitutional or quasi-constitutional right to release on an alien ordered removed (*Zadvydas* ) but not on one who might have a good defense to removal.")).

Petitioner is not entitled to relief from custody under § 1226(c), however, because his detention is not "indefinite" as was the detention in *Zadvydas* (given that removal for those detainees

3

was "no longer practically attainable") and because Congress's intent to mandate detention under § 1226(c) for removable aliens in Petitioner's position could not be more clear. *Cf. Zadvydas*, 533 U.S. at 697 (noting Court would not read time limit into § 1231(a)(6) if Congress's intent was clear). It is also important to note that the delay in Petitioner's removal proceeding is attributable to his own actions (including requests for extensions and the decision to seek protection from removal under the CAT) rather than any improper government purpose or institutional back-log. *Cf. Kim*, 538 U.S. at 532–33 (Kennedy, J., concurring) ("Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons. That is not a proper inference, however, either from the statutory scheme itself or from the circumstances of this case."). Finally, I note that even if Petitioner is correct and the Seventh Circuit is poised to follow the Second and Ninth Circuits in *Lora* and *Rodriguez*, that is a decision only the Seventh Circuit can make. *Parra*—in which the Seventh Circuit rejected a due process challenge to § 1226(c) by an alien who, like Petitioner, conceded he was deportable because of his criminal convictions—forecloses Petitioner's claim in this Court until the Seventh Circuit holds otherwise.

For all of these reasons, I conclude that Petitioner's continued detention is lawful under § 1226(c) and the Due Process Clause, and the petition is therefore summarily **DENIED**. 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."). The Clerk of Court is directed to enter judgment dismissing this action

4

with prejudice.  A certificate of appealability shall issue.  The Clerk is also directed to send copies of the petition and this Order to the Respondent and to the United States Attorney for this District.

Dated this   5th   day of April, 2016.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court